

**IT IS ORDERED as set forth below:**

**Date: May 28, 2021**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| IN RE: <br><br> Sheldon Deron Ragland, <br><br>    Debtor. | CASE NO. 20-40394-BEM <br><br> CHAPTER 7 |
| Nirav Patel, Mamta Patel, and N2M World, LLC, <br><br>    Plaintiffs, <br><br> v. <br><br> Sheldon Deron Ragland, <br><br>    Defendant. | ADVERSARY PROCEEDING NO. 20-4016-BEM |

## ORDER DENYING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiffs' Motion for Summary Judgment (Doc. No. 16, hereinafter the "MSJ"). Plaintiffs filed a complaint to determine the dischargeability of a judgment debt pursuant to 11 U.S.C. § 523(a)(2), (6) and objecting to discharge pursuant to

11 U.S.C. § 727(a)(4). (Doc. No. 1, hereinafter the "Complaint"). The judgment debt arose from a default judgment entered in the District Court for the Northern District of Georgia. In a footnote, Plaintiffs assert that principles of collateral estoppel apply in this proceeding. (Complaint n.1). Defendant filed an answer denying any wrongdoing and challenging the applicability of the doctrine of collateral estoppel that would bar him from litigating Plaintiffs' claims. (Doc. No. 5, hereinafter the "Answer"). Plaintiffs subsequently filed the MSJ, a Memorandum in Support of its MSJ (the "Brief") (Doc. No. 16-2) and accompanying statement of material facts requesting a ruling on their claims (the "SMF") (Doc. No. 16, 16-1).[1] Defendant filed a timely response (the "Response") (Doc. No. 17), and Plaintiffs filed a Reply to Defendant's Response in Opposition to their MSJ (the "Reply") (Doc. No. 18). The matter is now ripe for determination. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523.

I.      **Summary Judgment Standard**

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2552-53 (1986). "The inquiry performed is the threshold inquiry of determining whether … there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in

---

[1] Plaintiffs' MSJ and Brief only mention Plaintiffs' claims for nondischargeability based on § 523(a)(2) and (6); as no reference or request is made for a ruling on the objection to discharge claim plead under § 727(a)(4), the Court will review the MSJ as a request for partial summary judgment.

2

favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986).

The moving party has the burden of establishing its entitlement to summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The moving party must identify the pleadings, discovery materials, or affidavits that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. *Hairston v. Gainesville Sun Publ'g. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). Rather, the nonmoving party must present specific facts supported by evidence that demonstrate there is a genuine material dispute. *Id.* In deciding a motion for summary judgment, the Court views the evidence and reasonable inferences in favor of the non-moving party. *Gray v. Manklow* (*In re Optical Tech., Inc*.), 246 F.3d 1332, 1334 (11th Cir. 2001).

The movant is required to submit a separate statement of material facts, and the respondent is required to file a statement controverting any facts in dispute, with response "made to each of the movant's numbered material facts." BLR N.Ga. 7056-1(a)(1), (2). Any facts not controverted by the respondent will be deemed admitted. *Id.* 7056-1(a)(2). When the material facts are not in dispute, the role of the Court is to determine whether the law supports a judgment in favor of the moving party. *Anderson*, 477 U.S. at 250. Here, Defendant's Response did not respond to each of the facts set forth in the SMF. Instead, Defendant filed a Statement of Material Facts in Dispute and in Support of His Opposition to Summary Judgment, which set forth a number of facts that cannot clearly be correlated to specific numbered statements in the SMF. (Doc. No. 17-1). Therefore, unless noted otherwise, the facts in the SMF are not controverted.

**II.     Material Facts Not in Dispute**

Based on the allegations in the Complaint, the admissions in the Answer, the SMF, and the Response, the Court finds the undisputed material facts to be as follows: In 2017 and 2018, Defendant and the business Popcorn World, LLC ("Popcorn World") sold a business opportunity to Plaintiffs, memorialized in a Licensing Agreement Application, a Name and Likeness Licensing Agreement, and a Product Licensing Agreement. (SMF ¶ 1). On June 29, 2018, Plaintiffs, through counsel, sent Defendant and Popcorn World written notice of recission of all agreements with Popcorn World and demand for restitution. (SMF ¶ 2). On October 19, 2018, Plaintiffs filed suit in the United States District Court for the Northern District of Georgia ("District Court Case") against Defendant, Deon Ragland, LeBarron Burton, and Popcorn World,[2] asserting claims for alter ego liability, fraud, violation of Georgia's Fair Business Practices Act ("GFBPA"), violations of Florida's Deceptive and Unfair Trade Practices Act, breach of duty, breach of contract, and punitive damages (SMF ¶ 4).[3] Plaintiffs thereafter filed an Amended Complaint on October 26, 2018 (SMF ¶ 4). Defendant was served with process in accordance with Fed. R. Civ. P. 4(e) by delivering a copy of the Summons and Amended Complaint to him personally on December 30, 2018 (SMF ¶ 5).

The deadline for Defendant and Popcorn World to file responsive pleadings was January 20, 2019 (SMF ¶ 7). Defendant did not file any answer or otherwise respond to the

---

[2] Plaintiffs refer to Popcorn World as Defendant's business. (SMF ¶ 1). In his Response, Defendant asserts that he owned a business called Popcorn Haven, LLC and his brother owned Popcorn World. (Doc. No. 17-1 ¶ 3-4). Defendant also asserts that he was changing his brand from Popcorn Haven to Popcorn World during the time he was in discussions with Plaintiffs. (Doc. No. 17-1 ¶ 1). The District Court found that Defendant was a managing member of Popcorn World and was personally liable for the actions of Popcorn World. (Doc. No. 17-4 at 5, 16).

[3] *Patel, et al. v. Ragland, et al.*, Case No. 1:18-cv-04857-AT (N.D. Ga.). While Plaintiffs also sued LeBarron Burton in the District Court Case, the Plaintiffs alleged that they voluntarily dismissed their claims against LeBarron Burton without prejudice on April 11, 2019. (Complaint ¶ 11). Deon Ragland did not answer the complaint or defend himself in the District Court Case such that the Judgment discussed herein was entered against him, joint and severally with Defendant. References to "Defendant" refers as to Sheldon Deron Ragland and Popcorn World as his alter ego, as found by the District Court and discussed further herein.

4

complaint or amended complaint in the District Court Case and accordingly the Clerk for the District Court entered default against him on April 12, 2019 (SMF ¶ 8). Plaintiffs served copies of their Motion for Entry of Default on Defendant by first class mail to the address at which he had been personally served and to the address of the registered agent for Popcorn World. (SMF ¶ 8).

On July 22, 2019, the District Court directed Plaintiffs to file a Motion for Default Judgment along with a comprehensive Proposed Order on their Motion (SMF ¶ 9). The District Court further ordered Plaintiffs to serve Defendant with their Motion and Proposed Order and to file proof of service (SMF ¶ 9). Plaintiffs complied with the District Court's directions, and on September 19, 2019, the District Court issued an Order setting a hearing for October 10, 2019 at which time it would consider whether to grant Plaintiffs' Motion for Default Judgment and hear evidence of damages (SMF ¶ 10, 11). The District Court directed Plaintiffs to serve each Defendant with the September 19th Order and to again file proof of such service, and Plaintiffs did so. (SMF ¶ 11-12). The District Court additionally directed the Court's Clerk to mail the September 19th Order to Defendant by regular and certified mail (SMF ¶ 11).

Defendant did not file any opposition to the Motion for Default Judgment nor did he appear for the hearing on the Motion for Default Judgment held on October 10, 2019 to consider evidence of damages (SMF ¶ 13).

Following the evidentiary hearing on October 10, 2019, Plaintiffs filed a Supplemental Memorandum of Law in Support of their Motion for Default Judgment (SMF ¶ 15). Plaintiffs mailed copies of their Supplemental Memorandum to Defendant at the address where

5

Defendant had been personally served and at other addresses associated with Defendant (SMF ¶ 15).[4]

By order of October 31, 2019, as amended on November 1, 2019, the District Court ruled that Defendant was personally liable for the actions of Popcorn World and was personally and jointly liable to Plaintiffs for fraud, violation of the GFBPA, punitive damages, and attorney fees. (SMF ¶ 16). The order awarded Plaintiffs restitution damages of $173,277.56 due to fraud, treble damages of $348,555.12 for violations of the GFBPA, punitive damages of $20,000, and attorney fees of $27,973.03. (Doc. No. 17-4). On February 18, 2020, Defendant filed a chapter 7 bankruptcy case in the Northern District of Georgia, Case No. 20-40394. (Complaint ¶ 1; Answer ¶ 1). Plaintiffs subsequently filed the Complaint initiating this adversary proceeding on July 20, 2020.

### III.     Legal Analysis

Plaintiffs argue in the Brief that the doctrine of collateral estoppel applies to the District Court's judgment for fraud and violations of the GFBPA (Doc. No. 16-2, pg. 5).[5] Collateral estoppel or issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171 (2008) (internal quotations marks and citations omitted).

---

[4] Plaintiffs served Defendant at the address he lists as his residence in his current bankruptcy case each time service was requested by the District Court. (SMF ¶ 10). That address is the address of a United States Post Office. (SMF ¶ 18).

[5] In the MSJ, Plaintiffs only refer to the doctrine of collateral estoppel preventing re-litigation of their state law fraud claim (Doc. No. 16, ¶ 3). In contrast, Plaintiffs also argue for an expanded application of the doctrine to the GFBPA claim as well in their Brief in Support of the MSJ. Because the analysis herein is equally applicable to each claim, the Court will address the GFBPA claim as well as the fraud claim.

In the Eleventh Circuit, the four elements for the application of collateral estoppel to a federal judgment are:

1. The issue in the prior action and the issue in the bankruptcy court are identical;
2. The determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation;
3. The burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action; and
4. The bankruptcy issue was actually litigated in the prior action.

*Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)*, 62 F.3d 1319, 1322 (11th Cir. 1995) (citation omitted).

In this case the issues in question were resolved by a default judgment, which goes to the fourth element of collateral estoppel, and whether the issues were actually litigated. The undisputed facts and the judgment indicate Defendant did not participate in the District Court Case and the default was only entered after numerous attempts to have Defendant participate in the District Court Case. Indeed, in his Brief Supporting his Response in Opposition to Plaintiffs' MSJ, Defendant does not plead ignorance of the District Court Case (Doc. No. 17-2, at 2). Rather, he states that "he failed to answer because (a) he was mentally strained and (b) financially destitute leaving him unable to muster a defense and/or hire effective counsel for significant federal litigation." *Id.* And, in his Affidavit filed with the Response, Defendant states: "I never personally denied being served." (Doc. No. 17; 17-3 at ¶ 49). Defendant argues further that it would be inequitable to force him to respond to litigation when he was "financially unable to retain counsel to defend an extremely costly federal suit." (Doc. No. 17; 17-2 at 7-8).

Plaintiffs cite to *In re Bush* for the proposition that a default judgment obtained in federal court is entitled to preclusive effect on the grounds of actually having been litigated.[6] However, this is contrary to the overall reasoning and holding in *Bush*. The general rule regarding a federal court default judgment is that it "will not support the application of collateral estoppel because in the case of a judgment entered by [] default, none of the issues is actually litigated." *In re Bush*, 62 F.3d at 1323 (internal citations omitted). *Bush* further explains that circuit courts which have considered the issue of collateral estoppel in the context of challenging a bankruptcy discharge have upheld this reasoning, noting that "a party may decide that the amount at stake [in the prior proceeding] does not justify the expense and vexation of putting up a fight. The defaulting party will certainly lose that lawsuit, but the default judgment is not given collateral estoppel effect." *Id.* (citing *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)). The difference in *Bush* is that the defendant did participate actively in the litigation, where he "engaged in dilatory and deliberately obtrusive conduct, and a default judgment, based upon fraud, was entered as a sanction against him." *In re Bush*, 62 F.3d at 1324. This situation is the notable exception to the rule. *See In re Sly*, 280 B.R. 261, 265–66 (Bankr. N.D. Fla. 2002) ("Other courts have also recognized this exception to the general rule of nonpreclusive effect to default judgments. Where a federal default judgment was entered because of the serious obstructive conduct of a party the default judgment will have preclusive effect."); *see also In re Gilson*, 250 B.R. 226 (Bankr. E.D. Va. 2000); *In re Daily*, 47 F.3d 365 (9th Cir. 1995); *In re Moir*, 291 B.R. 887, 892 (Bankr. S.D. Ga. 2003) (applying collateral estoppel to a default judgment entered after the defendant answered the complaint, filed

---

[6] Plaintiffs also cite to *In re Wilson*, 72 B.R. 956 (Bankr. M.D. Fla. 1987), stating that the *Bush* court looked upon the case "favorably," but the court in *Bush* distinguishes *In re Wilson*, noting that it is a contrary authority which it ultimately declined to follow.

8

a counterclaim and discovery requests, but ceased participating at a certain time and refused to appear at his own deposition and a mandatory pre-trial conference).

It is undisputed that Defendant did not participate in the District Court Case. Absent any participation, this Court cannot find that there was conduct that rises to the level of deliberate obstruction to invoke the exception acknowledged in *Bush*. Thus, the fourth element of collateral estoppel is not met as the District Court Case was not actually litigated for the purposes of invoking collateral estoppel and excepting the amounts awarded to Plaintiff from discharge. For that reason, the MSJ cannot be granted, and the Court need not consider the other elements of collateral estoppel. Accordingly, it is

ORDERED that Plaintiffs' Motion for Summary Judgment is DENIED.

**END OF ORDER**

**Distribution List**

Jeremy Salter
SALTER LAW GROUP, LLC
P.O. BOX 609
ROME, GA 30162

A. Binford Minter
Fox Rothschild, LLP
999 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30309

G. Marshall Kent, Jr.
Fox Rothschild, LLP
Suite 1500
999 Peachtree Street, NE
Atlanta, GA 30309

Sheldon Deron Ragland
25 Liberty Drive
Apartment 218
Cartersville, GA 30121

Nirav M. Patel
11045 Abbotts Station Drive
Duluth, GA 30097